IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. STONECIPHER,
CLAUDENE STONECIPHER, and
VANESSA STONECIPHER, a minor,
by and through her next friend and father,
Anthony J. Stonecipher,

        Plaintiffs,

v.                                                                                              No. 2:25-cv-01262-DLM[1]

CITY OF ALAMOGORDO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiffs':

(i)    Omnibus Complaint for Damages Violation of Civil Rights to the Level of a Capital Level Offense of 18 U.S.C. 242, Systematic Violation of Americans with Disabi[li]ties Act Against Disabled Veteran, Kidnapping and Sexual Assault of 9 year Old Child by Employees of the City of Alamogordo Intentional Infliction of Emotional Distress, Protective Injunctive Relief for Plaintiffs, and Declaratory Relief, Doc. 1, filed December 17, 2025 ("Complaint");

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed December 18, 2025.  Plaintiff has paid the filing fee.  *See* Doc. 4, filed December 17, 2025.  The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

(ii)　　Motion for Summary Judgment, lodged in the Las Cruces Records Room, December 17, 2025;

(iii)　　Emergency Motion for Injunctive Relief, Doc. 6, filed December 17, 2025;

(iv)　　Motion for Stay of Proceedings and Request for Reasonable Accommodations, Doc. 7, filed December 17, 2025;

(v)　　Omnibus Request for ADA Accommodations, to Proceed by Written Submissions Only, and for Stay of All Hearings Due to Disability, Medical Decline, and Imminent Surgery, Doc. 8, filed December 17, 2025;

(vi)　　ADA Request for Electronic Filing Privileges and Electronic Service by and through the Americans with Disabilities Act, Doc. 9, filed December 17, 2025; and

(vii)　　Motion for Service of Summons, Doc. 10, filed December 17, 2025.

**Order for Amended Complaint**

Plaintiffs' Complaint is 619 pages, does not state Plaintiffs' claims in numbered paragraphs and includes several pages of legal standards. *See*, *for example*, Complaint at 30-37.

> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id*. Although Mr. Lowrey argues that the district court did not provide sufficient reasons why the complaint was too long, we disagree. The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made.

*Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023).

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more

difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)).  "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.*

The Court orders Plaintiffs to file an amended complaint not exceeding 75 pages and provides the following explanations regarding the format of the amended complaint.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

The amended complaint must set forth Plaintiffs' allegations in uniquely numbered, double-spaced paragraphs.  *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced").

The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  It is helpful if a complaint includes a section for each defendant that sets forth the factual allegations regarding that defendant.  The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

The Federal and Local Rules of Civil Procedure do not require that a complaint explain legal standards. The amended complaint need only reference the legal standard under which the claim is being asserted and allege facts supporting the claim. *See* Fed. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff Anthony J. Stonecipher, who is not an attorney authorized to practice in this Court, may not bring claims on behalf of others, including his minor child. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Plaintiffs may not assert claims for violation of criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Order Striking Documents**

Plaintiffs submitted a binder containing a Motion for Summary Judgment with 589 pages and another binder containing over 600 pages of attachments. Plaintiffs also filed a 41-page Emergency Motion for Injunctive Relief. Those documents do not comply with the Court's Local Rules of Civil Procedure governing page limits.

> "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading." *Ysais v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (quotations omitted); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter ... on its own."). "Generally, ... motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais*, 616 F. Supp. 2d at 1184.
>
> "The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule ...." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).

*Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (footnote omitted). The Court strikes the Motion for Summary Judgment, the attachments and the Emergency Motion for Injunctive Relief because they do not comply with the Court's Local Rules regarding page limits. *See* D.N.M.LR-Civ. 7.5 ("The length of a motion . . . must not exceed twenty-seven (27) double-spaced pages"); D.N.M.LR-Civ. 10.5 ("All exhibits to a motion . . . must not exceed a total of fifty (50) pages, unless all parties agree otherwise"). Plaintiffs may refile those documents. The refiled documents must comply with the Court's Local Rules. *See* D.N.M.LR-Civ. 10.5 (stating "a party may file only those pages of an exhibit which are to be brought to the Court's attention"); D.N.M.LR-Civ. 10.6 (requiring identification of portions of exhibits a party wishes to bring to the Court's attention).

**Order Granting Motion for Stay of Proceedings in part**

Plaintiff Anthony J. Stonecipher asks the Court to stay all proceedings from May 22, 2026, to July 21, 2026, on the grounds that Plaintiff will be traveling out of the country and due to medical reasons including upcoming neurosurgery. *See* Motion for Stay of Proceedings at 2. Plaintiff Anthony J. Stonecipher also asks the Court to acknowledge that his Motion for Summary Judgment

or motions for default judgment may be granted without trial or discovery. *See* Motion for Stay of Proceedings at 3. The Court grants the Motion for Stay of Proceedings in part. The Court stays proceedings in this case from May 22, 2026, to July 21, 2026. The Court denies Plaintiff's request to acknowledge that his Motion for Summary Judgment and any motions for default judgment may be granted without trial or discovery. As discussed above, the Court struck Plaintiff's Motion for Summary Judgment and Plaintiff may refile his Motion for Summary Judgment which the Court is allowing to Plaintiff to refile. Any motions Plaintiffs file must comply with the Federal and Local Rules of Civil Procedure. See D.N.M. LR-Civ. 7 (requirements regarding motion practice); D.N.M.LR-Civ. 56 (summary judgment procedure); Fed. R. Civ. P. 56 (summary judgment procedure); Fed. R. Civ. P. 55 (default judgment procedure).

**Order Denying in part Plaintiff's Omnibus Request for ADA Accommodations**

Plaintiff Anthony J. Stonecipher seeks, among other things, an order: (i) granting full ADA accommodations; (ii) prohibiting all live hearings of any kind; (iii) directing that all matters in this case be decided solely on the written record; and (iv) adopting the written-question procedure described in the motion.

The Court denies Plaintiff's request pursuant to the Americans with Disabilities Act for an order prohibiting all live hearings and directing that all matters in this case be conducted by written submissions only.

> The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary. However, pursuant to Judicial Conference policy, the United States Court of Appeals for the Tenth Circuit will endeavor to provide reasonable accommodations to persons with communications disabilities.

https://www.ca10.uscourts.gov/clerk/disability-access (last visited December 19, 2025). The undersigned will endeavor to accommodate Plaintiff Anthony J. Stonecipher's disability. However, the undersigned must conduct the proceedings in this case pursuant to the Federal Rules

of Civil Procedure and precedent of the United States Court of Appeals for the Tenth Circuit. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Generally, most of the matters in civil cases proceed by written documents. The Court cannot, however, order a blanket prohibition of non-written proceedings. Plaintiff Anthony J. Stonecipher must file a motion for each accommodation he seeks or an objection to any Court Orders regarding proceedings in this case.

Plaintiff also requests a stay of proceedings stating that he will be scheduled for surgery immediately after his pre-surgery examination scheduled for December 18, 2025, but does not indicate the duration of the stay he seeks other than stating "the recovery timeline is medically uncertain but significant." The Court stays proceedings in this case for 30 days after entry of this Order.

**Order Granting in part Plaintiff's Request to File Electronically**

Plaintiff Anthony J. Stonecipher states he is disabled and asks the Court to:

(i)  Grant him permission for electronic filing;

(ii) Order Defendants to provide Plaintiff Anthony J. Stonecipher with an email address or a physical address to receive a USB drive containing all future papers filed by Plaintiff's Anthony J. Stonecipher;

(iii) Allow Plaintiff Anthony J. Stonecipher to serve Defendants electronically through email or USB drives; and

(iv)  Ensure that the Court's ADA coordinator is involved to facilitate this request and to handle any potential accommodations in compliance with the Americans with Disabilities Act.

Motion to File Electronically at 7.

The Court grants Plaintiff Anthony J. Stonecipher permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account").  The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

"When a document is filed or submitted in an unsealed case, CM/ECF will generate and send a Notice of Electronic Filing (NEF) via email.  The NEF is the official notice of the filing to all parties; it includes the text of the docket entry and a link to the document."  CM/ECF Administrative Procedures Manual § 8(b)(1).  The docket for this case contains the mailing and electronic addresses of all attorneys and *pro se* Parties if any need .  *See* D.N.M.LR-Civ. 83.6 ("All attorneys of record and parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses . . . or electronic addresses")

**Order and Notice Regarding Service**

Plaintiffs filed 15 summonses which were entered on the docket as a "Motion for Service of Summonses." The undersigned denies the Motion for Service of Summonses because the undersigned does not issue summonses. *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant"). Plaintiffs may present the summonses to the Clerk of Court and may contact the Clerk's Office with any questions regarding issuance of summonses. Plaintiffs shall serve Defendants with a copy of the amended complaint. The Court notifies Plaintiffs they are "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

**Order Regarding Filing of Documents**

It is not clear who is the party filing each of the documents in this case. For example, Plaintiff's Omnibus Request for ADA Accommodations indicates Plaintiff Anthony J. Stonecipher seeks permission to file electronically. However, the motion is also signed by Plaintiff Claudene Stonecipher and by Plaintiff Anthony J. Stonecipher on behalf of minor child Plaintiff Vanessa Stonecipher. *See* Doc 8 at 25. Plaintiffs must clearly identify in each document they file who is filing the document and who is requesting relief from the Court. Also, many of the documents are single-spaced. "Except for footnotes and quotations, the text of all documents must be double spaced." D.N.M.LR-Civ. 10.1. All documents filed on behalf of minor child Plaintiff Vanessa Stonecipher must be filed by an attorney authorized to practice in this Court. *See Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

   **IT IS ORDERED** that:

   (i)   Plaintiffs shall, **within 60 days of entry of this Order**, file an amended complaint not exceeding 75 pages.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  Failure to timely file an amended complaint may result in dismissal of this case.

   (ii)  Motion for Summary Judgment and the attachments, lodged in the Las Cruces Records Room, December 17, 2025, are **STRUCK.**

   (iii) Emergency Motion for Injunctive Relief, Doc. 6, filed December 17, 2025, is **STRUCK.**

   (iv)  Motion for Stay of Proceedings and Request for Reasonable Accommodations, Doc. 7, filed December 17, 2025, is **GRANTED in part** as follows.  The Court stays proceedings in this case from May 22, 2026, to July 21, 2026.  The Court

        denies Plaintiff's request to acknowledge that his Motion for Summary Judgment and any motions for default judgment may be granted without trial or discovery.

(v)     Omnibus Request for ADA Accommodations, to Proceed by Written Submissions Only, and for Stay of All Hearings Due to Disability, Medical Decline, and Imminent Surgery, Doc. 8, filed December 17, 2025, is **DENIED in part.** The Court denies Plaintiffs' request that all matters be conducted by written submissions only. The Court grants Plaintiffs' request for a stay and stays proceedings in this case for 30 days after entry of this Order.

(vi)    Plaintiff Anthony J. Stonecipher's ADA Request for Electronic Filing Privileges and Electronic Service by and through the Americans With Disabilities Act, Doc. 9, filed December 17, 2025, is **GRANTED**.

(vii)   Motion for Service of Summons, Doc. 10, filed December 17, 2025, is **DENIED.** Plaintiffs shall present the summonses to the Clerk of Court for the Clerk's signature and seal. Plaintiffs shall serve Defendants with a copy of the amended complaint.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE