IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. STONECIPHER,
CLAUDENE STONECIPHER, and
VANESSA STONECIPHER, a minor,
by and through her next friend and father,
Anthony J. Stonecipher,

        Plaintiffs,

v.                                        No. 2:25-cv-01262-MIS-DLM

CITY OF ALAMOGORDO, et al.,

        Defendants.

## OMNIBUS ORDER

This case arises from, among other things, the alleged civil rights violations of Plaintiff Anthony J. Stonecipher's ("Anthony") rights by City of Alamogordo Police Officers, state-court Judges and employees, and others. *See* Omnibus Complaint for Damages Violation of Civil Rights to the Level of a Capital Level Offense of 18 U.S.C. 242, Systematic Violation of Americans with Disabi[li]ties Act against Disabled Veteran, Kidnapping and Sexual Assault of 9 year Old Child by Employees of the City of Alamogordo[,] Intentional Infliction of Emotional Distress, Protective Injunctive Relief for Plaintiffs and Declaratory Relief ("Complaint"), ECF No. 1. Plaintiffs, who are proceeding *pro se*, filed the Complaint, a motion for summary judgment, a motion for injunctive relief, a motion to stay proceedings, a motion for ADA accommodations, a motion to file electronically, and a motion for service of summons. Anthony states he is disabled due to the surgical removal of both frontal lobes of his brain. *See* ECF No. 8 at 4. United States Magistrate Judge Damian L. Martinez notified Plaintiffs of several deficiencies with their filings and entered an Order regarding those deficiencies. *See* Order, ECF No. 11. Anthony objected to Judge Martinez' Order and filed additional documents.

**Stay of Proceedings in this Case**

Judge Martinez granted Anthony's requests for two stays of proceedings in this case. One stays all proceedings from May 22, 2026, to July 21, 2026, on the grounds that Anthony will be traveling out of the country and due to medical reasons including upcoming neurosurgery. *See* Order at 5-6. The second stays proceedings from December 19, 2025 to January 18, 2026, and sets a deadline for Plaintiffs' amended complaint for February 17, 2026, based on Anthony's statement that neurological surgery will be "set immediately" after his December 18, 2025, pre-surgery examination. ECF No. 8 at 9.

Anthony now objects to the stay expiring on January 18, 2026, stating his neurosurgery is scheduled for January 30, 2026. *See* Objection to Current Order and Request for Stay as Medical Accommodation Under ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and Guide to Judiciary Policy, Vol. 5, § 155.10 ("First Objection") at 5, ECF No. 15. In his motion for reconsideration, Anthony requests that the Court "modify the stay of proceedings to be immediate and to remain in effect for a minimum of eleven (11) months following Plaintiff's January 30, 2026 neurosurgery, or until Plaintiff is medically cleared by his treating neurosurgeon to return to litigation, whichever occurs later." Motion to Reconsider Limited Portion of Memorandum Opinion and Order Regarding Page Limits and Access to the Courts and Emergancy [sic] Injunctive Relief ("Motion to Reconsider"), ECF No. 13.

The Court sustains Anthony's Objection in part and stays proceedings for three months, until April 30, 2026. Plaintiffs may move for an extension of the stay in April 2026. The Court, as discussed below, defers ruling at this time on Anthony's request that the Court "prohibit any verbal court appearances in this case" and that "all hearing [] be conducted by written submission only." First Objection at 14. The Court declines Anthony's request that the Court allow him to

2

file documents during the stay. Anthony's filing of documents during the stay is inconsistent with a stay and his assertion that he will be "medically incapacitated."

**Motions for Temporary Restraining Orders**

Anthony filed three motions for temporary restraining orders. *See* Emergency Motion for Injunctive Relief from Defendant Judge Bryant ("Bryant Motion"), ECF No. 17; Emergency Motion for Injunctive Relief from Defendant Judge Ochoa ("Ochoa Motion"), ECF No. 18; Emergency Motion for Injunctive Relief from Defendants Bryan C. Garcia & Jessica L. Czajkowski ("Garcia and Czajkowski Motion"), ECF No. 21. Anthony seeks temporary restraining orders pursuant to 42 U.S.C. § 1983 and *Ex parte Young*. *See* Bryant Motion at 18; Ochoa Motion at 23; Garcia and Czajkowski Motion at 17.

Defendants Bryant and Ochoa are judges presiding over the proceedings in state court giving rise to this case. Anthony asks the Court to bar Defendants Bryant and Ochoa from presiding over or taking any actions in any case involving Anthony and to stay all state-court proceedings. *See* Bryant Motion at 21-22; Ochoa Motion at 24, 26.

The Court denies Anthony's motions for temporary restraining orders staying proceedings in state court.

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an

3

exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Anthony has not shown that any of the three exceptions to the Anti-Injunction Act apply in this case.

"[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). However, "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable*.'" *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) (emphasis added) (quoting 42 U.S.C. § 1983). Anthony has not shown that a declaratory decree was violated or that declaratory relief was unavailable.

Defendants Garcia and Czajkowski are attorneys that have filed documents in the state court proceedings. Anthony asks the Court for an order prohibiting Defendants Garcia and Czajkowski from filing, responding, or otherwise participating in an underlying state-court case. *See* Garcia and Czajkowski Motion at 17. Plaintiff states irreparable harm is occurring because he "continues to be denied meaningful access to courts," his "minor child faces ongoing psychological harm and suicide risk magnified by the defendants' litigation conduct," "state judges continue to take action without jurisdiction, without ADA compliance," and "the Clerk's Office continues to obstruct filings and alter or delay entries, preventing access to justice." Garcia and Czajkowski Motion at 16.

The Court denies Anthony's motion for a temporary restraining order against Defendants Garcia and Czajkowski because Anthony has not shown that Defendants Garcia and Czajkowski's

4

filing of documents in state-court proceedings causes him irreparable harm. *See also DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)).

**Page Limits**

Plaintiffs filed a 619-page Complaint that does not state Plaintiffs' claims in numbered paragraphs and includes several pages of legal standards. *See* Complaint, ECF No. 1. Judge Martinez notified Plaintiffs that:

> Rule 8(d)(1) requires "simple, concise, and direct" allegations. The complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. The purpose of these requirements is to provide notice to a defendant for preparing a defense and sufficient clarity for the court to adjudicate the merits. *Id*. Although Mr. Lowrey argues that the district court did not provide sufficient reasons why the complaint was too long, we disagree. The sheer length of the [98-page] complaint makes it difficult to determine precisely what material facts support the various claims made.

Order at 2, ECF No. 11 (quoting *Lowrey v. Sandoval Cnty. Children Youth and Families Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023)). Judge Martinez ordered Plaintiffs to file an amended complaint not exceeding 75 pages and provided explanations regarding the format of the amended complaint. *See id.* at 3-4. Judge Martinez also struck Plaintiffs' 589-page Motion for Summary Judgment with over 600 pages of attachments and Plaintiffs' 41-page Emergency Motion for Injunctive Relief for failure to comply with the Court's Local Rules of Civil Procedure governing page limits. *See* Order at 4, 11 (stating "a court may choose to strike a filing that is not allowed by local rule") (quoting *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020)).

Anthony objects to the 75-page limit for the amended complaint and the striking of the motions. *See* Objection to Current Order and Request for Accommodation Regarding Verbal

5

Hearings and Rules Concerning Page Limits under the ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Guide to Judiciary Policy, Vol. 5, § 255.10 ("Second Objection"), ECF No. 16.  Anthony also filed a motion for Judge Martinez to reconsider his Order regarding page limits, double-spacing of documents, and striking documents for failure to comply with the District of New Mexico's Local Rules of Civil Procedure.  *See* Motion to Reconsider.  Anthony asserts that he cannot decrease the length of his 619-page, single-spaced Complaint due to his communication disability.  *See* Second Objection at 6-13.  Plaintiff requests several accommodations for his disability including "prohibiting all live hearings of any kind," "directing that all matters in this case be decided solely on the written record" and "adopting the written-question procedure described in the motion."  Second Objection at 2, 14-21.

The Court overrules Plaintiff's Second Objection and denies Plaintiff's Motion for Reconsideration regarding page limits and striking documents.  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not need to set forth all the facts relevant to each claim.  The Court notifies Plaintiffs that failure to timely file an amended complaint not exceeding 75 pages may result in dismissal of this case.

The Court overrules Anthony's Objection to Judge Martinez's Order regarding disability accommodations.  Judge Martinez denied Anthony's request pursuant to the Americans with Disabilities Act for an order prohibiting all live hearings and directing that all matters in this case be conducted by written submissions only and notified Anthony:

> The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary.  However,

> pursuant to Judicial Conference policy, the United States Court of Appeals for the Tenth Circuit will endeavor to provide reasonable accommodations to persons with communications disabilities.
>
> https://www.ca10.uscourts.gov/clerk/disability-access (last visited December 19, 2025). The undersigned will endeavor to accommodate Plaintiff Anthony J. Stonecipher's disability. However, the undersigned must conduct the proceedings in this case pursuant to the Federal Rules of Civil Procedure and precedent of the United States Court of Appeals for the Tenth Circuit. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Generally, most of the matters in civil cases proceed by written documents. The Court cannot, however, order a blanket prohibition of non-written proceedings. Plaintiff Anthony J. Stonecipher must file a motion for each accommodation he seeks or an objection to any Court Orders regarding proceedings in this case.

Order at 6. The Court defers ruling on disability accommodations at this time because: (i) the Court is staying proceedings in this case for three months; (ii) the Court anticipates all proceedings will be in writing until Defendants appear; and (iii) the Court will give Defendants an opportunity to be heard before imposing any disability accommodations that may prejudice Defendants. Anthony may file a motion for each requested disability accommodation after Defendants appear.

Judge Martinez notified Anthony, who is not an attorney authorized to practice in this Court, that he may not bring claims on behalf of others, including his minor child. *See* Order at 4 (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Kanth v. Lubeck*, 123 F. App'x 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an

attorney"))). Anthony asserts that the Court cannot "disregard the claims" of Anthony's minor daughter Vanessa Stonecipher and that the Court must "protect the minor's interest through appointment of a guardian ad litem or other appropriate order." Motion to Reconsider at 14-15 (citing Fed. R. Civ. P. 17(c)). The Court defers ruling on representation of Vanessa Stonecipher pursuant to Rule 17(c) until after Plaintiffs file an amended complaint.

**Electronic Filing**

Anthony moved for, and Judge Martinez granted, permission to file electronically. *See* Order at 12. Anthony states:

> After more than six hours of diligent, good-faith effort, Plaintiff was unable to locate any functional mechanism by which a disabled pro se litigant, even after judicial authorization, can "register" for CM/ECF access. All publicly available materials assume an attorney-admissions workflow or require clerk-initiated action. No form, contact, or procedure exists that would allow Plaintiff to comply independently.
> ….
>
> [Plaintiff asks the Court to] Order the Clerk of Court to immediately effectuate Plaintiff's electronic filing access by either:
>
>     (a)    activating Plaintiff's CM/ECF filing privileges, or
>
>     (b)    providing a concrete, clerk-assisted registration process capable of immediate completion;

Motion to Restore Plaintiff's Fifth Amendment Right of Access to the Courts and to Compel Functional Electronic Filing Access ("Motion for Electronic Filing") at 13, 19-20, ECF No. 20.

The Court grants Plaintiff's Motion for Electronic Filing in part. The Court denies Plaintiff Anthony J. Stonecipher's request to order the Clerk to activate his CM/ECF filing privileges because the Court must ensure that litigants using CM/ECF have complied with the relevant registration requirements. The Court has staff available to answer questions regarding CM/ECF. Plaintiff may contact them by phone at (505) 348-2075 or by email at cmecf@nmd.uscourts.gov.

**Issuance of Summonses and Service**

Plaintiffs filed 15 summonses which were entered on the docket as a "Motion for Service of Summonses." Judge Martinez denied the Motion for Service of Summonses because Magistrate Judges do not issue summonses, ordered Plaintiffs to present the summonses to the Clerk of Court for the Clerk's signature and seal, and notified Plaintiffs they may contact the Clerk's Office with any questions regarding issuance of summonses. *See* Order at 9, 12.

Anthony asks the Court to "order the Clerk to immediately sign, seal, and issue the summonses tendered in docket entry 10 pursuant to Fed. R. Civ. P. 4(b). Motion to Compel Issuance of Summons, Correct Record Defect, and Toll Service Deadlines Under Fed. R. Civ. P. 4(b) and 4(m) ("Motion for Issuance of Summonses") at 4, ECF No. 12.

The Court grants Anthony's Motion for Issuance of Summonses in part. The Court orders the Clerk to process the summonses filed in docket entry 10 on December 17, 2025, and issue each summons that is "properly completed." Fed. R. Civ. P. 4(b). The Clerk shall notify Plaintiffs which, if any, summonses are not properly completed.

The Court reminds Plaintiffs they must serve each Defendant with a summons and a paper copy of the operative Complaint. Plaintiffs may not serve any Defendant with an electronic copy of the operative Complaint if that Defendant has not agreed to electronic filing. *See* Rule 5(b)(2)(E-F) (a paper may be served by electronic means that a person has consented to in writing or by delivering it by any other means that the person consented to in writing). Based on Anthony's surgery and recovery, and because the Court is ordering Plaintiffs to file an amended complaint, the Court will toll the deadline for serving Defendants to 60 days after the stay expires or is lifted and will allow Plaintiffs to serve an amended complaint not exceeding 75 pages instead of serving

the 619-page original Complaint. The Court grants each Defendant an extension of time of 30-days after service of the amended complaint to file an answer or Rule 12 motion.

    **IT IS ORDERED** that:

(i)     Plaintiff Anthony J. Stonecipher's Objection to Current Order and Request for Stay as Medical Accommodation Under ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and Guide to Judiciary Policy, Vol. 5, § 155.10 at 5, ECF No. 15, filed December 23, 2025, is **SUSTAINED in part.** The Court stays all proceedings in this case until April 30, 2026.

(ii)     Plaintiff Anthony J. Stonecipher's Emergency Motion for Injunctive Relief from Defendant Judge Bryant, ECF No. 17, filed December 23, 2025, is **DENIED.**

(iii)     Plaintiff Anthony J. Stonecipher's Emergency Motion for Injunctive Relief from Defendant Judge Ochoa, ECF No. 18, filed December 23, 2025, is **DENIED.**

(iv)     Plaintiff Anthony J. Stonecipher's Emergency Motion for Injunctive Relief from Defendants Bryan C. Garcia & Jessica L. Czajkowski, ECF No. 21, file December 23, 2025, is **DENIED.**

(v)     Plaintiff Anthony J. Stonecipher's Objection to Current Order and Request for Accommodation Regarding Verbal Hearings and Rules Concerning Page Limits under the ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Guide to Judiciary Policy, Vol. 5, § 255.10, ECF No. 16, filed December 23, 2025, is **OVERRULED.** Plaintiffs shall, by May 30, 2026, file an amended complaint not exceeding 75 pages. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Failure to timely file an amended complaint not exceeding 75 pages may result in dismissal of this case.

(vi) Plaintiff Anthony J. Stonecipher's Motion to Restore Plaintiff's Fifth Amendment Right of Access to the Courts and to Compel Functional Electronic Filing Access, ECF No. 20, filed December 29, 2025, is **GRANTED in part.**

(vii) Plaintiff Anthony J. Stonecipher's Motion to Compel Issuance of summons, Correct Record Defect, and Toll Service Deadlines Under Fed. R. Civ. P. 4(b) and 4(m), ECF No. 12, filed December 23, 2025, is **GRANTED in part.**

(viii) Plaintiff Anthony J. Stonecipher's Motion to Reconsider Limited Portion of Memorandum Opinion and Order Regarding Page Limits and Access to the Courts and Emergancy [sic] Injunctive Relief, ECF No. 13, filed December 23, 2025, is **DENIED.**

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE