**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTHONY J. STONECIPHER,
CLAUDENE STONECIPHER, and
VANESSA STONECIPHER, a minor,
by and through her next friend and father,
Anthony J. Stonecipher,

       Plaintiffs,

v.                                  No. 2:25-cv-01262-MIS-DLM

CITY OF ALAMOGORDO, et al.,

       Defendants.

<u>**OMNIBUS ORDER ON THE MOTIONS AND "OBJECTIONS" ASSOCIATED WITH
DOCKET ENTRIES 25, 29, 30, 32, 33, 34, 35, 36, 37, AND 39**</u>

*Pro se* Plaintiffs Anthony J. Stonecipher ("Anthony"), his wife Claudene Stonecipher and

his minor daughter Vanessa Stonecipher, filed this case on December 17, 2025. *See* Omnibus

Compl., ECF No. 1. Plaintiffs have since filed 31 documents. Nine pending motions are now

before the Court.

**Motion to Extend the Stay of Proceedings, ECF No. 34**

On January 5, 2026, the Court stayed "all proceedings in the case until April 30, 2026,"

due to Anthony's neurosurgery scheduled for January 30, 2026, and ordered Plaintiffs to file an

amended complaint by May 30, 2026. Omnibus Order at 2, 10, ECF No. 22; Omnibus Request

for ADA Accommodations at 4, ECF No. 8 (stating Anthony "is surgically missing both frontal

lobes of his brain").

Anthony objected to the stay indicating he may not be sufficiently recovered by May 30,

2026, to participate in this case, and requested that the Court "extend the stay through at least

July 1, 2026." Pl. Anthony J. Stonecipher's Obj. and Mot. to Reconsider Limited Portion of

Omnibus Order Concerning Stay at 10, ECF No. 26.  The Court extended the stay to August 3, 2026.  *See* Order at 2, ECF No. 38.

Shortly before the Court extended the stay to August 3, 2026, Anthony filed a motion requesting that:

> the Court grant protection under Rule 17(c) by recognizing Plaintiff's temporary medical incompetence during post-surgical recovery and entering an order extending the stay of proceedings for a minimum of eleven months following Plaintiff's January 30, 2026 neurosurgery, or until Plaintiff is medically cleared to resume litigation, whichever occurs first.

Obj. and Mot. for Pl. Anthony J. Stonecipher's [sic] to have Protection under Fed. R. Civ. P. 17(c) at 7, ECF No. 34.

The Court grants Anthony's motion to extend the stay.  All proceedings in this case are stayed until January 29, 2027.  If Anthony is medically cleared to resume litigation before January 29, 2027, Anthony must, within 14 days of being medically cleared, file a notice indicating he has been medically cleared.

**Motions Regarding Page Limits and Disability Accommodations, ECF Nos. 25, 34**

After Plaintiffs filed a 619-page Complaint, United States Magistrate Judge Damian L. Martinez ordered Plaintiffs to file an amended complaint not exceeding 75 pages.  *See* Order at 2-4, ECF No. 11.  Judge Martinez also struck Plaintiffs' 589-page Motion for Summary Judgment with over 600 pages of attachments and Plaintiffs' 41-page Emergency Motion for Injunctive Relief for failure to comply with the Court's Local Rules of Civil Procedure governing page limits. *See id.* at 4, 11. Anthony objected to the 75-page limit for the amended complaint and the striking of the motions and filed a motion to reconsider the page limits. *See* Obj. to Current Order and Request for Accommodation Regarding Verbal Hearings and Rules Concerning Page Limits under the ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Guide to

Judiciary Policy, Vol. 5, § 255.10 ("Objection"), ECF No. 16; Mot. to Reconsider at 7, ECF No. 13 (stating the page limits "eliminate[] Plaintiff's only functional method of presenting claims"). Anthony asserted that he cannot decrease the length of his 619-page, single-spaced Complaint due to his communication disability. *See* Obj. at 6-13.

Anthony also requested several accommodations for his disability including "prohibiting all live hearings of any kind," "directing that all matters in this case be decided solely on the written record" and "adopting the written-question procedure described in the motion." Obj. at 2, 14-21; ECF No. 8 at 7-8 (stating Anthony requires no live hearings, all matters, including depositions to be conducted solely by written submissions, each side allowed written questions (20 per round) with written responses, "deadlines extended to allow cognitive pacing, avoiding panic-attack shutdown," "no oral argument of any kind"). Anthony also seeks permission to use a "prosthetic memory recorder," "AI transcription and cognitive sequencing," and "electronic memory reconstruction methods." ECF No. 8 at 8.

The Court overruled the Objection and denied the Motion for Reconsideration regarding page limits and striking documents stating:

> "The Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary. However, pursuant to Judicial Conference policy, the United States Court of Appeals for the Tenth Circuit will endeavor to provide reasonable accommodations to persons with communications disabilities." https://www.ca10.uscourts.gov/clerk/disability-access (last visited December 19, 2025). The undersigned will endeavor to accommodate Plaintiff Anthony J. Stonecipher's disability. However, the undersigned must conduct the proceedings in this case pursuant to the Federal Rules of Civil Procedure and precedent of the United States Court of Appeals for the Tenth Circuit. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Generally, most of the matters in civil cases proceed by written documents. The Court cannot, however, order a blanket prohibition of non-written proceedings. Plaintiff Anthony J. Stonecipher must file

3

a motion for each accommodation he seeks or an objection to any Court Orders regarding proceedings in this case.

Omnibus Order at 6-7, ECF No. 11. The Court deferred ruling on disability accommodations because: "(i) the Court is staying proceedings in this case for three months; (ii) the Court anticipates all proceedings will be in writing until Defendants appear; and (iii) the Court will give Defendants an opportunity to be heard before imposing any disability accommodations that may prejudice Defendants." *Id.* at 7 (stating "Anthony may file a motion for each requested disability accommodation after Defendants appear").

Anthony objects to and moves the Court to reconsider the portion of the Omnibus Order concerning page limits. *See* Pl. Anthony J. Stonecipher's Obj. and Mot. to Reconsider Limited Portion of Omnibus Order Concerning Page Limits, ECF No. 25 ("Page Limits Motion"). Anthony contends that: (i) the "page limit as applied forces the abandonment of claims and essential details that are necessary for the case to be fully adjudicated;" (ii) "length alone is not a lawful basis to strike a complaint under Rule 8;" (iii) "The failure to provide accommodations impairs [Anthony's] ability to present his case, constituting a violation of due process under the Fifth Amendment and ADA Title II" and "conflicts with the requirements of Section 504" of the Rehabilitation Act and Guide to Judiciary Policy, Volume 5, § 255; (iv) the Court erred in failing to address Anthony's request to take judicial notice of documents in the state-court proceedings; and (v) "no administrative accommodation process exists." Page Limits Motion at 3-4, 10-12, 20. Anthony also "demands that this court immediately comply with its mandatory obligations under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Guide to Judiciary Policy, Volume 5, Section 255." Pl.'s Demand that this Court Immediately Complies with Disability Access at 1, ECF No. 36 ("Demand").

4

Page Limits

The Court overrules Anthony's objection and denies his request to reconsider the Court's ruling on page limits.

Anthony's statement that page limits "would force the elimination of crucial claims, essential evidence, or vital coherence" is without merit. Page Limits Mot. at 8. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs will have an opportunity to present all the relevant facts later. *See, e.g.*, Fed. R. Civ. P. 16(c)(2) (stating the court may consider and take appropriate action on controlling and scheduling discovery). A 619-page, single-spaced Complaint places unnecessary burdens on Defendants and the Court. *See Lowrey v. Sandoval Cnty. Children Youth and Fams. Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (stating: "The sheer length of the complaint makes it difficult to determine precisely what material facts support the various claims made"); Fed. R. Civ. P. 8(b)(1)(B) (Rule 8 requires that each of the 16 named Defendants and the 10 Doe Defendants "must . . . admit or deny the allegations asserted against it" and if they intend to deny only part of allegation "must admit the part that is true and deny the rest"). If a Defendant moves to dismiss claims for failure to state a claim due to a lack of factual allegations, Plaintiffs may move to amend the amended complaint as to those Defendants. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires").

Anthony also contends that "page limits inherently assume that a litigant can supplement written filings through oral argument and real-time advocacy," "Plaintiff's written submissions are not merely briefing aids but constitute his sole effective means of presenting legal argument,

5

factual context, and evidentiary explanation" and states he "is medically incapable of meaningful oral argument due to documented neurological impairment."   Page Limit Mot. at 8.  The Court does not order oral argument on every issue presented.  If the Court has questions or concerns about an issue, it can order supplemental briefing.  The Court will not review a 619-page, single-spaced Complaint to determine whether Plaintiffs can state a valid argument.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Anthony has not persuaded the Court that his disability requires that the Court allow him to file a 619-page Complaint, a 589-page motion for summary judgment or other documents that exceed page limits.  Anthony states his "disability materially impairs verbal advocacy but not written analysis."  Demand at 7.  Anthony has filed 31 documents in a little over a one-month period, from December 17, 2025, to January 26, 2026, which clearly show that he can reason, do legal research, identify the relevant issues and make arguments.  Twenty-one of those documents are less than 27 pages in length.  Of the nine motions now before the Court, seven are less than 27 pages in length, one is 29 pages, another is 36 pages.  The Court may allow parties to file documents that exceed page limits established by the Local Rules of this District if the other parties agree to the extended page limits or if a party files a motion demonstrating the necessity of exceeding page limits.

The Court orders Plaintiffs to file an amended complaint not exceeding 75 double-spaced pages within one month after the stay is lifted, i.e. by February 26, 2027.  Failure to timely file an amended complaint that complies with this Order, the Local Rules of Civil Procedure, and the Federal Rules of Civil Procedure, may result in dismissal of this case.

Anthony also states that "the full Omnibus Complaint, consisting of 619 pages, must be filed and entered on the docket in its entirety." Demand at 26. The Clerk's Office electronically scanned the first 50 pages of the Omnibus Complaint and entered them on the docket and lodged the remaining 569 pages in the Records Department where it is available for public review. The Court denies Anthony's request to direct the Clerk's Office to scan the 569 pages lodged in Records because the Court is ordering Plaintiffs to file an amended complaint. *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). The first 50 pages of the original Complaint will remain on the docket and the remainder of the original Complaint will remain available for public review in Records.

Disability Accommodations

The Court denies Anthony's demand to comply with the Americans with Disabilities Act and Section 504 of the Rehabilitation Act because "[t]he Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act do not apply to the federal judiciary." https://www.ca10.uscourts.gov/clerk/disability-access (stating "However, pursuant to Judicial Conference policy, the United States Court of Appeals for the Tenth Circuit will endeavor to provide reasonable accommodations to persons with communications disabilities").

Anthony argues that Section 255 of the Guide to Judiciary Policy mandates that the court "provide auxiliary aids and services to participants with communication disabilities." Demand at 2. Section 255 provides:

(a) Under Judicial Conference policy, a court **must** provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities, and **may** provide these services to spectators when the court deems appropriate (JCUS-SEP

7

1995, p. 75). This policy provides for services in addition to those required by the Court Interpreters Act (28 U.S.C. § 1827).

(b) The court should honor a participant's choice of auxiliary aid or service, unless it can show that:

(1) another equally effective means of communication is available, or

(2) use of the means chosen would result in:

a fundamental change in the nature of the judicial proceeding, or an undue financial or administrative burden.

5 Guide to Judiciary Policy § 255 (emphasis in original).

Anthony states:

Plaintiff made repeated, good-faith efforts to obtain disability accommodations through the Clerk's Office and supervisory personnel of the United States District Court for the District of New Mexico and was informed that the Court has no ADA coordinator, no disability-access officer, no established accommodation process, and no internal mechanism for requesting or implementing accommodations.

Page Limit Mot. at 12. The Court has posted the "District of New Mexico – Access Coordinator Procedures, Rev. March 2026" on its website. *See* https://www.nmd.uscourts.gov/interpreters. The Access Coordinator works with the requesting party and the deciding official to identify reasonable accommodations and has authority to work with a contracting officer to secure services of a sign language interpreter or computer-assisted real-time translation provider. However, "the presiding judge(s) will necessarily be the deciding official to determine if any additional accommodations can be provided, particularly any that could fundamentally impact the nature of the proceeding or the management of the case."

The Court overrules Anthony's objection and denies his request to reconsider the Court's deferral on ruling on disability accommodations. The Court will not enter an order setting procedures to accommodate Anthony's disability, which may not be feasible or which may prejudice other parties, without first giving the other parties an opportunity to be heard. *See*

8

*Alejandre-Gallegos v. Holder*, 598 F. App'x 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules"). None of the Defendants have been served or otherwise appeared in this case. Furthermore, it appears that Anthony's request that "all matters, including depositions to be conducted solely by written submissions" may result in a fundamental change in the nature of this proceeding and cause an undue financial or administrative burden. For example, Defendants have a right to a jury trial. *See* U.S. Const. amend. VII ("In Suits at common law . . . the right of trial by jury shall be preserved"). It is not clear that a jury trial with witnesses who will be subject to direct and cross examination is feasible solely by written submissions. The Court has granted Anthony's request to stay proceeding in this case for a period of at least 11 months or until he recovers from neurosurgery. Consequently, there will be no harm from deferring a ruling on disability accommodations until the stay is lifted. Anthony may file motions for disability accommodations after the stay is lifted.

Anthony also asks the Court to rule on his "pending request for judicial notice [of state-court documents] under Fed. R. Evid. 201(c)(2) by granting, denying, or expressly deferring that request, and permit Plaintiff to be heard under Rule 201(e) regarding the propriety and scope of judicial notice concerning Disability." Page Limit Mot. at 20. The Court denies Plaintiff's request for judicial notice of state-court documents without prejudice. Anthony may renew his request when he files motions for disability accommodations.

Anthony also states that as of January 17, 2026, he has not been served by email or by mail with the Court's Orders associated with docket entries 11 and 22. *See* Demand at 18. The Notices of Electronic Filing for those documents show that the Court emailed the documents to the email

address provided by Anthony in his CM/ECF Notification Form, ECF No. 2. Anthony may email the Court at cmecf@nmd.uscourts.gov if the issue continues.

Finally, some of Anthony's other requests for relief in his Demand, including Rule 17(c) protections for minor Plaintiff Vanessa Stonecipher, docketing of the Omnibus Motion for Summary Judgment, issuance of summonses, and functional electronic filing access, are raised in other motions and are discussed below. *See* Demand at 25-27 (listing forms of relief Anthony seeks).

**Representation of Minor Plaintiff, ECF No. 32**

Judge Martinez notified Plaintiffs that:

All documents filed on behalf of minor child Plaintiff Vanessa Stonecipher must be filed by an attorney authorized to practice in this Court. *See Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court").

ECF No. 11 at 9. Anthony asked the Court to reconsider Judge Martinez' Order regarding representation of Vanessa Stonecipher stating that "Federal Rule of Civil Procedure 17(c)(2) requires that where a minor's interests are implicated and the minor is unrepresented, the court must appoint a guardian ad litem or issue another appropriate order to protect the minor." ECF No. 13 at 14. The undersigned "defer[red] ruling on representation of Vanessa Stonecipher pursuant to Rule 17(c) until after Plaintiffs file an amended complaint." Omnibus Order at 8.

Plaintiff now asks the Court to reconsider the portion of the Omnibus Order that defers ruling on representation of minor Plaintiff Vanessa Stonecipher pursuant to Rule 17(c) and appoint a guardian ad litem or issue another appropriate order "as mandated by Rule 17(c)(2)." Pl. Anthony J. Stonecipher's Obj. and Mot. to Reconsider Limited Portion of Omnibus Order Concerning Minor Child Plai[n]tiff Vanessa Stonecipher and Rule 17(c) at 21, ECF No. 32.

The Court denies Anthony's motion to reconsider the Court's Order deferring ruling on representation of minor Plaintiff Vanessa Stonecipher.

> The plain language of Rule 17(c) does not require the district court to appoint a guardian ad litem in all cases. Instead, the Rule provides that the court shall appoint a guardian ad litem for a person *not otherwise represented* in an action. . . Courts addressing the issue have held that "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)). "[W]hen a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Id.* Indeed, absent an apparent conflict of interest, the appointment of a guardian ad litem is not necessary where a parent is a party to the lawsuit and presses the child's claims before the court. *Croce*, 623 F.2d at 1093.

*Kile v. United States*, 915 F.3d 682, 686-87 (10th Cir. 2019).  The Court has ordered Plaintiffs to file an amended complaint which will assist the Court in determining whether a conflict of interest exists between Anthony and Vanessa.  No prejudice to Plaintiff Vanessa Stonecipher results from a deferred ruling because the Court has, at Anthony's request, stayed proceedings in this case to January 29, 2027.  Anthony may file another motion regarding representation of his minor daughter after the amended complaint is filed.

**Injunctive Relief, ECF No. 29**

Anthony filed three motions for temporary restraining orders. *See* Emergency Mot. for Injunctive Relief from Defendant Judge Bryant ("Bryant Motion"), ECF No. 17; Emergency Mot. for Injunctive Relief from Defendant Judge Ochoa ("Ochoa Motion"), Doc. 18; Emergency Mot. for Injunctive Relief from Defendants Bryan C. Garcia & Jessica L. Czajkowski ("Garcia and Czajkowski Motion"), ECF No. 21. Anthony sought temporary restraining orders pursuant to 42 U.S.C. § 1983 and *Ex parte Young*.  *See* Bryant Mot. at 18; Ochoa Mot. at 23; Garcia and Czajkowski Mot. at 17.

Defendants Bryant and Ochoa are judges presiding over the proceedings in state court giving rise to this case. Anthony asked the Court to bar Defendants Bryant and Ochoa from presiding over or taking any actions in any case involving Anthony and to stay all state-court proceedings. *See* Bryant Mot. at 21-22; Ochoa Mot. at 24, 26.

The Court denied Anthony's motions for temporary restraining orders staying proceedings in state court on the grounds that:

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Anthony has not shown that any of the three exceptions to the Anti-Injunction Act apply in this case.

"[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). However, "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable*.'" *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) (emphasis added) (quoting 42 U.S.C. § 1983). Anthony has not shown that a declaratory decree was violated or that declaratory relief was unavailable.

Omnibus Order at 3-4.

Anthony now asks the Court to reconsider the portion of the Omnibus Order denying injunctive relief as to Defendants Judge Stephen Ochoa, Judge Bryan, Bryan C. Garcia and Jessica L. Czajkowski.  *See* Obj. and Mot. to Reconsider Limited Portion of Omnibus Order Concerning Injunctive Relief at 24, Doc. 29, filed January 14, 2026 ("Injunctive Relief Motion")

Anthony argues that:

with respect to Defendants Bryant and Ochoa, the Omnibus Order characterizes Plaintiff's requested relief as an attempt to "bar" state-court judges from presiding over cases and to "stay all state-court proceedings," and then denies relief by invoking the Anti-Injunction Act, 28 U.S.C. § 2283. In doing so, the Court failed to determine whether the relief sought was, in fact, an injunction against state-court proceedings, or instead prospective injunctive relief directed at state officials to halt ongoing violations of federal law.

That distinction is dispositive. Plaintiff's Emergency Motions for Injunctive Relief alleged ongoing federal violations, including continued ADA noncompliance and continued exercise of judicial authority in matters where motions for recusal were pending. Relief sought to stop ongoing unlawful conduct by named state actors falls within the scope of Ex parte Young and does not constitute an injunction against state court proceedings as such. Whether Defendants Bryant and Ochoa were engaged in ongoing violations of federal law was therefore a necessary predicate to the Court's Anti-Injunction Act analysis.

Injunctive Relief Mot. at 4.

Anthony clearly sought to enjoin state-proceedings.  *See* Bryant Mot. at 21-22 (requesting the following relief: (i) "Judges [sic] Daniel A. Bryant are [sic] barred from presiding over, ruling in, scheduling, or taking any action whatsoever in ANY case involving Plaintiff;" (ii) "All state-court proceedings involving Plaintiff are immediately stayed;" and (iii) "No judge or clerk of the Twelfth Judicial District may issue orders, modify dockets, strike filings, set hearings, or take adverse action against Plaintiff pending federal review"); Ochoa Mot. at 26-27 (same).  Anthony did not show that any of the Anti-Injunction Act's exceptions apply in this case.

Anthony also sought prospective injunctive relief against Judges Bryant and Ochoa pursuant to *Ex parte Young*. *See* Bryant Mot. at 15, 18; Ochoa Mot. at 20, 23. The Court denied Plaintiff's requests for prospective injunctive relief against Judges Bryant and Ochoa because Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable, and Anthony had not shown that a declaratory decree was violated or that declaratory relief was unavailable.

Anthony objects to the Court's denial of prospective injunctive relief against Judges Bryant and Ochoa stating the Court "relied on 42 U.S.C. § 1983's limitation on injunctive relief against judicial officers without determining whether declaratory relief was unavailable in light of the alleged ongoing and continuing harm." Injunctive Relief Mot. at 4-5. Anthony did not meet his burden of showing that a declaratory judgment was violated or that declaratory relief was unavailable. *See Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021) ("Because a preliminary injunction is an 'extraordinary remedy never awarded as of right,' the movant must make a 'clear and unequivocal' showing it is entitled to such relief") (citations omitted). D.N.M.LR-Civ. 7.1(a) ("A motion must . . . state with particularity the grounds and the relief sought").

In his motions seeking injunctive relief against Judge Bryant and Judge Ochoa, Anthony requested that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of numerous documents in the state-court proceedings. *See* Bryant Mot. at 2-6 (listing 51 documents); Ochoa Mot. at 2-7 (listing 75 documents). Anthony apparently requested judicial notice of the 126 state-court documents to support his allegations that Judge Bryant and Judge Ochoa violated federal law, violated ADA protections, retaliated against Anthony, obstructed

14

filings and took void judicial actions that harmed Anthony and his family.  *See* Bryant Mot. at 7-8; Ochoa Mot. at 19-20.  Anthony contends:

> The Omnibus Order denied prospective injunctive relief while leaving unresolved the very adjudicative facts Plaintiff properly placed before the Court under Rule 201.  By assuming the resolution of those facts and proceeding to deny equitable relief without completing the required analysis, the Court committed legal error.

Injunctive Relief Mot. at 5.

The Court denies Anthony's request to reconsider its ruling denying prospective injunctive relief.  The Court did not assume resolution of facts regarding the actions of Judge Bryant and Judge Ochoa, i.e. whether they violated federal law, retaliated or took other actions that harmed Anthony and his family.  The Court denied Anthony's request for prospective injunctive relief because Anthony did not show that that Judge Bryant and Judge Ochoa violated a declaratory decree or that declaratory relief was unavailable.  It is Anthony's burden to show that Defendants violated a declaratory decree or that declaratory relief was unavailable.  The Court will not comb through 126 state-court documents and make that determination for Anthony.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"); *Hartleib v. Weiser Law Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021) ("Because a court may consider facts subject to judicial notice without treating a motion to dismiss as a motion for summary judgment, a court may consider documents reflecting facts that 'are a matter of public record' as long as it considers those documents 'to show their contents, not to prove the truth of the matters asserted therein.'") (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)).

Defendants Garcia and Czajkowski are attorneys that have filed documents in the state court proceedings. Anthony asked the Court for an order prohibiting Defendants Garcia and Czajkowski from filing, responding, or otherwise participating in an underlying state-court case.

15

*See* Garcia and Czajkowski Mot. at 17. Plaintiff stated irreparable harm is occurring because he "continues to be denied meaningful access to courts," his "minor child faces ongoing psychological harm and suicide risk magnified by the defendants' litigation conduct," "state judges continue to take action without jurisdiction, without ADA compliance," and "the Clerk's Office continues to obstruct filings and alter or delay entries, preventing access to justice." *Id.* at 16.

The Court denied Anthony's motion for a temporary restraining order against Defendants Garcia and Czajkowski because:

> Anthony has not shown that Defendants Garcia and Czajkowski's filing of documents in state-court proceedings causes him irreparable harm. *See also DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)).

Omnibus Order at 4-5.

Anthony objects to and asks the Court to reconsider the portion of its Omnibus Order denying injunctive relief as to Defendants Garcia and Czajkowski. Anthony argues that "*Tower v. Glover*, 467 U.S. 914 (1984), [] holds that an attorney may be liable under 42 U.S.C. § 1983 when acting without lawful authority or in concert with state actors to deprive a litigant of federal rights . . . and rejects any blanket immunity for attorneys whose conduct falls outside legitimate advocacy." Injunctive Relief Mot. at 5. Anthony states he "expressly placed at issue whether Defendants Garcia and Czajkowski were lawfully representing any party at the time of their filings, given default status and the absence of any entry of appearance" in the state-court case. *Id.* at 5-6.

The Court overrules Anthony's objection to and his motion to reconsider the denial of injunctive relief as to Defendants Garcia and Czajkowski. *Tower v. Glover* does not hold that an attorney may be liable under § 1983 when acting without lawful authority such as when their client

16

is in default or the attorney has not entered an appearance. *See Tower v. Glover*, 467 U.S. 914, 923 (1984) ("We conclude that state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights"). There are no allegations showing that Defendants Garcia and Czajkowski conspired with state judicial officials. Anthony's request that the Court take judicial notice of the state-court docket is not sufficient. To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal"] among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022)). The Court will not comb through 33 documents in the state-court case to determine whether Defendants Garcia and Czajkowski conspired with state judicial officials. *See* Injunctive Relief Mot. at 3-6 (requesting the Court to take judicial notice of 33 documents filed in the state-court case); *Garrett*, 425 F.3d at 840 ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

**Motion for Summary Judgment, ECF No. 39**

Plaintiffs filed a 589-page Motion for Summary Judgment along with a large binder with over 600 pages of exhibits. *See* Pls.' Omnibus Mot. for Summ. J., ECF No. 39. The Clerk's Office electronically scanned and filed the first 50 pages of the Motion for Summary Judgment and lodged the remaining pages and exhibits in Records.

Judge Martinez struck Plaintiffs' Motion for Summary Judgment and exhibits for failure to comply with the Court's Local Rules of Civil Procedure governing page limits. *See* Order at 4, 11, ECF No. 11 (stating "a court may choose to strike a filing that is not allowed by local rule") (quoting *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020)).

Anthony objected to the striking of the Motion for Summary Judgment. *See* Obj. to Current Order and Request for Accommodation Regarding Verbal Hearings and Rules Concerning Page Limits under the ADA, Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Guide to Judiciary Policy, Vol. 5, § 255.10, ECF No. 16.  The undersigned overruled Anthony's objection and denied Anthony's request to reconsider the striking of the Motion for Summary Judgment.  *See* Omnibus Order at 5.

Anthony now objects to the portion of the Omnibus Order regarding the striking of the Motion for Summary Judgment and the attachments. *See* Pl. Anthony J. Stonecipher's Obj. and Mot. to Reconsider Limited Portion of Omnibus Order Concerning Striking of Motion for Summary Judgment and Attachments that were Never Docketed, ECF No. 30 ("Strike Motion"). Plaintiff states:

> Plaintiff's disability does not prevent legal reasoning, organization, or execution of complex tasks. To the contrary, Plaintiff is capable of litigating at a high level when proceedings are conducted in a written, paced, and reviewable format. What Plaintiff cannot do is meaningfully participate in fast-moving oral proceedings or compressed filings that assume normal processing speed and short-term working memory.

> As a direct consequence of this disability, Plaintiffs written filings necessarily serve a dual function: they are both legal pleadings and Plaintiff s only effective substitute for oral advocacy. Plaintiff cannot "save arguments for oral presentation" because oral presentation is not functionally available. The Motion for Summary Judgment therefore incorporates detailed explanation, structure, and record citation that would ordinarily be delivered orally by a non-disabled litigant.

> The length of Plaintiff s Motion for Summary Judgment is not excess for excess's sake. It is a direct and foreseeable consequence of the Court's failure to provide effective accommodations. When a disabled litigant is denied meaningful oral participation, the only lawful alternative is to permit that litigant to present arguments in writing with sufficient detail to replace what disability makes impossible.

> Striking Plaintiff s Motion for Summary Judgment on page-limit grounds without first curing the disability-access barrier inverts the law. The Court enforced

discretionary local rules while leaving mandatory disability-access obligations unmet.

Strike Motion at 5. Anthony also argues that "[c]ompression of such a motion to an arbitrary page limit would require abandonment of claims, selective omission of evidence, or the stripping of explanation necessary for a disabled litigant to be heard at all." *Id.* at 6.

The Court denies Anthony's Motion to reconsider the striking of the Motion for Summary Judgment without prejudice. Rule 56 provides that a "party may move for summary judgment, identifying *each claim* . . . or the part of each claim . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The Court is ordering Plaintiffs to file an amended complaint which will render the original Complaint of no legal effect. Thus, Plaintiffs' current Motion for Summary Judgment, which addresses claims in the original Complaint, will no longer be applicable. Furthermore, should the Court need additional explanation from the Parties, the Court can order supplemental briefing. The Court will not comb through 589 pages of the Motion for Summary Judgment and the 600 plus pages of attachments to determine whether Plaintiffs have shown there is no genuine dispute of material fact and that Plaintiffs are entitled to judgment as a matter of law.

Judge Martinez struck Plaintiffs' Motion for Summary Judgment before the Clerk assigned a docket number to the Motion. The docket now shows that the Motion for Summary Judgment, ECF No. 39, is pending. Because it is denying Anthony's Motion to reconsider the striking of the Motion for Summary Judgment, the Court directs the Clerk to modify the docket to show that the Motion for Summary Judgment, ECF No. 39, filed December 17, 2025, is stricken and is no longer pending.

**Motion Regarding Electronic Filing, ECF No. 33**

The Court granted Anthony permission to electronically file documents using CM/ECF. *See* Omnibus Order at 8, 11, ECF No. 22. Anthony states he has been unable to file documents using CM/ECF and moves the Court for "functional electronic filing access." Pl. Anthony J. Stonecipher's Obj. and Mot. for Pl. Anthony J. Stonecipher to Obtain Functional Elec. Filing Privileges at 13, ECF No. 33. It appears Anthony has resolved the issues with electronic filing because he electronically filed a motion using CM/ECF. *See* Mot. for Order to Show Cause, ECF No. 37 (filed electronically). The Court therefore denies his Motion to Obtain Functional Electronic Filing Privileges as moot.

**Motion Regarding Summonses, ECF No. 37**

Anthony asked the Court to order the Clerk to immediately sign, seal, and issue the summonses tendered in docket entry 10 pursuant to Fed. R. Civ. P. 4(b). *See* Mot. to Compel Issuance of Summons, Correct Record Defect, and Toll Service Deadlines Under Fed. R. Civ. P. 4(b) and 4(m) ("Motion for Issuance of Summonses") at 4, ECF No. 12. The Court granted Anthony's Motion for Issuance of Summonses in part and ordered the Clerk to process the summonses filed in docket entry 10 on December 17, 2025, to issue each summons that is "properly completed" and to notify Plaintiffs which, if any, summonses are not properly completed. *See* Omnibus Order at 9, 11 (citing Fed. R. Civ. P. 4(b) which states "the clerk must sign, seal, and issue" a summons "[i]f the summons is properly completed").

Plaintiffs now move the Court to order the Clerk "to show cause why the summons[es] ordered issued on January 5, 2026 have not been signed, sealed, and issued." Plaintiffs' Mot. to Show Cause Why the Clerk and the Court Have Failed to Perform Mandatory, Non-Discretionary Duties at 7, ECF No. 37.

The Court denies Plaintiffs' Motion to order the Clerk to show cause why the summonses have not been issued. The Clerk notified Plaintiffs via email on January 28, 2026, that the summons documents provided in Docket Entry 10 were not properly completed and could not be issued as provided and provided Plaintiffs a copy of the Court's "Procedures for Having Civil Summons Issued" and a link to the online fillable template form "AO 440, Summons in a Civil Action."

**Motion to Correct Caption, ECF No. 35**

Anthony asks the Court to order the Clerk to correct "the caption in this matter to include an inadvertently omitted defendant, Judge David Overstreet." Pl. Anthony J. Stonecipher's Mot. to Correct Caption, ECF No. 35.

The Court denies the Motion to Correct Caption as moot because the Court is ordering Plaintiffs to file an amended complaint. Plaintiffs may name Judge David Overstreet as a defendant in the caption of the amended complaint. *See Franklin*, 160 F. App'x 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

## <u>NOTICE</u>

The Court notifies Plaintiffs, as Judge Martinez did, that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Judge Martinez' Order at 10, ECF No. 11; *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been

interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i)     Plaintiff Anthony J. Stonecipher's Objection and Motion for Plaintiff Anthony J. Stonecipher's [sic] to have Protection under Fed. R. Civ. P. 17(c), ECF No. 34, filed January 20, 2026, is **GRANTED** as follows: all proceedings in this case are stayed until January 29, 2027.  If Anthony is medically cleared to resume litigation before January 29, 2027, Anthony must, within 14 days of being medically cleared, file a notice indicating he has been medically cleared.

(ii)    Plaintiff Anthony J. Stonecipher's Objection and Motion to Reconsider Limited Portion of Omnibus Order Concerning Page Limits, ECF No. 25, filed January 12, 2026, is **OVERRULED** and **DENIED.**  Plaintiffs shall, by February 26, 2027, file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case.

(iii)   Plaintiff['s] Demand that this Court Immediately Complies with Disability Access at 1, ECF No. 36, filed January 22, 2026, is **DENIED.**

(iv)    Plaintiff Anthony J. Stonecipher's Objection and Motion to Reconsider Limited Portion of Omnibus Order Concerning Minor Child Plai[n]tiff Vanessa Stonecipher and Rule 17(c), ECF No. 32, filed January 20, 2026, is **OVERRULED** and **DENIED.**

22

(v)  Objection and Motion to Reconsider Limited Portion of Omnibus Order Concerning Injunctive Relief at 24, ECF No. 29, filed January 14, 2026, is **OVERRULED** and **DENIED.**

(vi)  Plaintiff Anthony J. Stonecipher's Objection and Motion to Reconsider Limited Portion of Omnibus Order Concerning Striking of Motion for Summary Judgment and Attachments that were Never Docketed, ECF No. 30, filed January 14, 2026, is **OVERRULED** and **DENIED.**  The Clerk shall modify the docket to show that the Motion for Summary Judgment, ECF No. 39, filed December 17, 2025, is stricken and is no longer pending.

(vii)  Plaintiff Anthony J. Stonecipher's Objection and Motion for Plaintiff Anthony J. Stonecipher to Obtain Functional Electronic Filing Privileges at 13, ECF No. 33, filed January 20, 2026, is **OVERRULED** and **DENIED.**

(viii)  Plaintiffs' Motion to Show Cause Why the Clerk and the Court Have Failed to Perform Mandatory, Non-Discretionary Duties at 7, ECF No. 37, filed January 26, 2026, is **DENIED.**

(ix)  Plaintiff Anthony J. Stonecipher's Motion to Correct Caption, ECF No. 35, filed January 22, 2026, is **DENIED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

23