IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. STONECIPHER,
CLAUDENE STONECIPHER, and
VANESSA STONECIPHER, a minor,
by and through her next friend and father,
Anthony J. Stonecipher,

       Plaintiffs,

v.                          No. 2:25-cv-01262-MIS-DLM

CITY OF ALAMOGORDO, et al.,

       Defendants.

## ORDER DENYING MOTION FOR PROTECTIVE RELIEF

On March 19, 2026, the Court granted Plaintiff Anthony J. Stonecipher's ("Anthony")

motion and stayed all proceedings in this case until January 29, 2027, based on Anthony's expected

time to recover from neurosurgery. *See* Second Omnibus Order at 2, ECF No. 40.

Anthony now seeks immediate protective relief before "any further restrictive or adverse

action" occurs in this case. See Plaintiff Anthony J. Stonecipher's Emergency Motion for

Immediate Protective Relief Under Fed. R. Civ. P. 17(c), for Appointment of a Limited-Purpose

Advocate, and for Coordination of Communication Accommodations Before Any Further

Restrictive or Adverse Action, ECF No. 43.  Anthony seeks:

> appointment of a limited-purpose Rule 17(c) advocate or other appropriate
> protective representative to assist only with communication between Plaintiff, the
> Court, and the Court's identified Access Coordinator, and to ensure that no further
> restrictive, adverse, or sanction-based action is taken against Plaintiff unless and
> until communication accommodations are actually coordinated and determined in
> a procedurally valid manner.
> …
>
> Plaintiff therefore respectfully requests that the Court, sua sponte or upon this
> Motion, vacate, rescind, or suspend any standing orders that restrict Plaintiff's
> communication-dependent participation, including but not limited to orders

concerning page limits, filing restrictions, service burdens, oral-hearing procedures, and sanctions threats, until the Court has first completed a procedurally valid access review.

…

Disability access is violated because the effect of the Court's procedure is to deny Plaintiff equal and meaningful access to judicial proceedings.

Rule 17(c) is triggered because if Plaintiff's inability to comply with the Court's 75-page order[1] is attributed to disability-related cognitive impairment rather than access denial, then the Court has notice that Plaintiff requires protection as an unrepresented person unable to protect his own interests.

The Court must address one of these duties.  It must either provide meaningful disability accommodations that allow Plaintiff to effectively petition the Court, or it must issue Rule 17(c) protection.  What it cannot do is defer accommodations, deny access, restrict the only usable communication method and then claim Plaintiff's failure to comply justifies dismissal or sanctions.

Mot. at 2, 18, 23.

Rule 17(c) requires that when an "incompetent person" is not represented by a full-time guardian, the court "shall appoint a guardian ad litem for [that person] ... or shall make such other order as it deems proper" to protect the incompetent's interests.   Fed. R. Civ. P. 17(c). "The obligation imposed by the final sentence of Rule 17(c)—the duty to 'appoint' or 'make such other order'—arises after a determination of incompetency [after a court is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).  Anthony has characterized his impairment as a "temporary medical incompetence during post-surgical recovery," ECF No. 34 at 7, and stated his "disability materially

---

[1] Plaintiffs filed a 619-page Complaint.  United States Magistrate Judge Damian L. Martinez ordered Plaintiffs to file an amended complaint not exceeding 75 pages.  *See* ECF No. 11 at 2-3.

2

impairs verbal advocacy but not written analysis," ECF No. 36 at 7.  Anthony has not presented any evidence that he has been adjudicated incompetent or any verifiable evidence from a mental health professional demonstrating that Anthony is being or has been treated for mental illness of the type that would render him legally incompetent.  The Court previously notified Anthony that the Court will endeavor to accommodate Anthony's disability and that the Court "will not enter an order setting procedures to accommodate Anthony's disability, which may not be feasible or which may prejudice other parties, without first giving the other parties an opportunity to be heard." Second Omnibus Order at 3-8 (quoting 5 Guide to Judiciary Policy § 255 which states that a court must provide other auxiliary aids and services to participants in federal judicial proceedings who have communication disabilities and should honor a participant's choice of auxiliary aid or service "unless it can show that: (1) another equally effective means of communication is available, or (2) use of the means chosen would result in: a fundamental change in the nature of the judicial proceeding, or an undue financial or administrative burden").

The Court denies Anthony's Motion for immediate protective relief because the Court has stayed *all proceedings* until January 29, 2027.  *See* Second Omnibus Order at 22.  If Anthony wishes to obtain any relief from the Court earlier than January 29, 2027, Anthony must file a motion to lift the stay.  The Court will not allow one party to litigate a case while other parties are not permitted to respond and litigate due to the stay.  Anthony may renew his Motion for the appointment of an advocate and other disability accommodations after the stay is lifted.

**IT IS ORDERED** that Plaintiff Anthony J. Stonecipher's Emergency Motion for Immediate Protective Relief Under Fed. R. Civ. P. 17(c), for Appointment of a Limited-Purpose Advocate, and for Coordination of Communication Accommodations Before Any Further Restrictive or Adverse Action, ECF No. 43, is **DENIED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE